CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 26 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TARIK WILLIAMS, | ) | Civil Action No. 7:10-cv-00377 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GENE JOHNSON, et al., | ) | By: Hon. James C. Turk |
|     Defendants. | ) | Senior United States District Judge |

Tarik Williams, a Virginia inmate proceeding pro se, filed a civil rights complaint, pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1343. Plaintiff names as defendants Gene Johnson, Director of the Virginia Department of Corrections ("VDOC"), and B. Watson, warden of the Wallens Ridge State Prison ("WARSP"). Plaintiff alleges that the defendants violate due process and enforce cruel and unusual punishment against him, in violation of the Fourteenth and Eighth Amendments of the Constitution. This matter is before me for screening, pursuant to 28 U.S.C. § 1915A. After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted.

I.

Plaintiff alleges the following facts in his complaint. Plaintiff is presently serving his remaining eighteen-year sentence at the WARSP. Plaintiff is considered a Level-Two security risk, but the VDOC confines him at WARSP, a Level-Five security institution. The VDOC approved plaintiff for a transfer from WARSP to a Level-Four security institution, but plaintiff has waited for this transfer for more than twenty-four months. Plaintiff argues that he is entitled to the transfer because he is a Level-Two security risk and has waited more than two years for the transfer. Plaintiff requests as relief a transfer and compensatory damages for each day he was not

transferred after its approval.

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), accepting the plaintiff's factual allegations as true. A complaint needs "a short and plain statement of the claim showing that the pleader is entitled to relief" and sufficient "[f]actual allegations . . . to raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A plaintiff's basis for relief "requires more than labels and conclusions . . . ." Id. Therefore, the plaintiff must "allege facts sufficient to state all the elements of [the] claim." Bass v. E.I. Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003).

However, determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1950 (May 18, 2009). Thus, a court screening a complaint under Rule 12(b)(6) can identify pleadings that are not entitled to an assumption of truth because they consist of no more than labels and conclusions. Id. Although the court liberally construes pro se complaints, Haines v. Kerner, 404 U.S. 519, 520-21 (1972),

the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, an inmate does not have a constitutional right to be placed in a specific security classification or facility, and custodial classifications do not create a major disruption in a prisoner's environment. Sandin v. Conner, 515 U.S. 472, 486-87 (1995). States may create liberty interests protected by the Due Process Clause where the freedom from restraint imposed "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. . . ." Id. at 484. In order to show the deprivation of a liberty interest regarding custody classifications, an inmate must show either that the conditions exceed the sentence imposed in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, or that the confinement creates an atypical or significant hardship and that the state has granted its inmates, by regulation or by statute, a protected liberty interest in remaining free from that confinement or restraint. Id. at 483-84.

Based upon the alleged facts, plaintiff's incarceration at a Level-Five VDOC facility instead of a Level-Four VDOC facility does not exceed a sentence in such an extreme way as to

give rise to the protection of the Due Process Clause by its own force. See Beverati, 120 F.3d at 503 (holding that administrative segregation for six months with vermin; human waste; flooded toilet; unbearable heat; cold food; dirty clothing, linens, and bedding; longer periods in cell; no outside recreation; no educational or religious services; and less food was not so atypical as to impose significant hardship). Nor does being held in an environment for inmates with higher security classifications constitute an "atypical and significant" hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification. See Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (rejecting a prisoner's argument that a pending warrant and detainer adversely affected his prison classification and qualification for institutional programs because not "every state action carrying adverse consequences for prison inmates automatically activates a due process right"). Accordingly, plaintiff fails to state a claim upon which relief may be granted, and the court dismisses the complaint without prejudice.

III.

For the foregoing reasons, the court dismisses the complaint without prejudice for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1), and denies as moot plaintiff's motions for an attorney, for a hearing, to produce, for a preliminary injunction, and for leave to proceed in forma pauperis.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

ENTER: This 26th day of August, 2010.

Senior United States District Judge